18, 1908.) Action by Raffael Luongo against Hyman Davis. No opinion. Motion denied, with $10 costs. Order filed.

LYNCH v. NEW YORK EVENING JOURNAL CO. (Supreme Court, Appellate Division, First Department. January 15, 1909.) Action by Helena Lynch against the New York Evening Journal Company. No opinion. Leave granted to remove papers from files. Settle order on notice.

McARTHUR, Respondent, v. CENTRAL UNION GAS CO., Appellant. (Supreme Court, Appellate Division, First Department. January 8, 1909.) Action by Margaret McArthur, as administratrix, against the Central Union Gas Company. J. V. Bouvier, for appellant. M. L. Malevinsky, for respondent. No opinion. Judgment and order reversed, and new trial ordered, with costs to appellant to abide event, unless plaintiff stipulates to reduce verdict to $1,500, in which event, judgment, as so modified, and order, affirmed without costs. Settle order on notice.

McCOLLUM, Respondent, v. BROOKLYN, Q. C. & S. R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. December 30, 1908.) Action by Alexander J. McCollum against the Brooklyn, Queens County & Suburban Railroad Company. No opinion. Judgment of the Municipal Court unanimously affirmed, with costs.

McCORD v. THOMPSON STARRETT CO. (Supreme Court, Appellate Division, First Department. January 29, 1909.) Action by William H. McCord against the Thompson Starrett Company. No opinion. Motion denied, with $10 costs. Order filed.

McFADDEN, Appellant, v. INNES, Respondent. (Supreme Court, Appellate Division, First Department. January 22, 1909.) Action by Louis F. McFadden against John A. Innes. T. D. Rambaut, for appellant. E. W. Persons, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements. Order filed. See, also, 60 Misc. Rep. 543, 112 N. Y. Supp. 912.

INGRAHAM, J., dissents.

McGIBBON, Respondent, v. HOUSMAN, Appellant. (Supreme Court, Appellate Division, Second Department. December 30, 1908.) Action by Peter McGibbon against Jacob I. Housman. No opinion. Order affirmed, with $10 costs and disbursements.

In re McINTOSH. (Supreme Court, Appellate Division, First Department. December 18, 1908.) In the matter of Janet McIntosh. No opinion. Motion granted, with $10 costs. Order filed.

McKEY, Respondent, v. SCHEIDERER et al., Appellants. (Supreme Court, Appellate Division, Second Department. December 30, 1908.) Action by John McKey against Mary Scheiderer and others.

PER CURIAM. The judgment should be modified, by striking out the provision therein that from the balance of the purchase money there should be deducted the sum of $353.62 costs and disbursements, and providing that the plaintiff recover of the defendants Gruet and Scheiderer the said sum of $353.62 costs and disbursements, and, as so modified, affirmed, with costs.

McMANUS, Respondent, v. CITY OF TROY, Appellant. (Supreme Court, Appellate Division, Third Department. January 6, 1909.) Action by Caroline E. McManus against the City of Troy. No opinion. Judgment unanimously affirmed, with costs.

McMANUS, Respondent, v. CITY OF TROY, Appellant. (Supreme Court, Appellate Division, Third Department. January 22, 1909.) Action by Caroline F. McManus against the City of Troy. No opinion. Motion denied.

McNAMARA, Respondent, v. CITY OF YONKERS, Appellant. (Supreme Court, Appellate Division, Second Department. December 30, 1908.) Action by Mary Ann McNamara against the City of Yonkers. No opinion. Judgment and order reversed, and new trial granted, costs to abide the event, unless within 20 days plaintiff stipulate to reduce the recovery of damages to the sum of $4,000, in which event the judgment, as modified, and order, are unanimously affirmed, without costs.

McNICKLE, Appellant, v. DELANEY et al., Respondents. (Supreme Court, Appellate Division, Second Department. January 22, 1909.) Action by Andrew F. McNickle against Bridget Delaney and another. No opinion. Judgment of the Municipal Court unanimously affirmed, with costs.

McNULTY et al., Respondents, v. ANDREW J. ROBINSON CO. et al., Appellants. (Supreme Court, Appellate Division, Third Department. January 6, 1909.) Action by Patrick H. McNulty and Thomas J. McNulty, doing business under the firm name and style of McNulty Bros., against the Andrew J. Robinson Company and another. No opinion. Judgment unanimously affirmed, with costs.

MAGAGNOS v. OHMEIS. (Supreme Court, Appellate Division, First Department. December 18, 1908.) Action by Everitt Magagnos against P. H. Ohmeis. No opinion. Motion denied, with $10 costs. Order filed.

MAGGIE v. A. H. MEYER CO. (Supreme Court, Appellate Division, First Department. January 15, 1909.) Action by Providenza Mag-

gie against the A. H. Meyer Company. No opinion. Motion denied on terms stated in order. Order filed.

MANSELL, HUNT, CATTY & CO., Respondent, v. CATTY et al., Appellants. (Supreme Court, Appellate Division, First Department. December 31, 1908.) Action by Mansell, Hunt, Catty & Company against James H. Catty and another. I. M. Dittenhoefer, for appellants. F. H. Field, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements. Order filed.

INGRAHAM, J., dissents.

MANUFACTURERS' COMMERCIAL CO. v. BLITZ. (Supreme Court, Appellate Division, First Department. January 15, 1909.) Action by the Manufacturers' Commercial Company against Henry Blitz. No opinion. Motion dismissed. Settle order on notice.

MARGETSON, Respondent, v. JOLINE et al., Appellants. (Supreme Court, Appellate Division, First Department. December 24, 1908.) Action by Anna M. Margetson against Adrian H. Joline and others. B. H. Ames, for appellants. J. W. Weed, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed.

MARGETSON v. JOLINE et al. (Supreme Court, Appellate Division, First Department. January 29, 1909.) Action by Anna M. Margetson against Adrian H. Joline and another. No opinion. Motion denied, with $10 costs. Order filed.

MARRUS et al., Respondents, v. ALTERISI, Appellant. (Supreme Court, Appellate Division, Second Department. December 30, 1908.) Action by Moses L. Marrus and another against Louis Alterisi. No opinion. Judgment affirmed, with costs.

MATTISON v. MATTISON et al. (two cases). (Supreme Court, Appellate Division, First Department. January 29, 1909.) Action by Richard V. Mattison against Agnes C. Mattison and another. No opinions. Motions denied, with $10 costs in each case. Orders filed.

MEHT, Respondent, v. MEHT, Appellant. (Supreme Court, Appellate Division, Second Department. January 8, 1909.) Action by Louis H. Meht against Lena Meht. No opinion. Judgment affirmed by default.

MEHT, Respondent, v. MEHT, Appellant. (Supreme Court, Appellate Division, Second Department. January 15, 1909.) Action by Louis H. Meht against Lena Meht.

PER CURIAM. Motion granted, and case set down for Wednesday, January 20, 1909.

JENKS, J., taking no part.

MEISTRELL et al., Respondents, v. WEINBERG, Appellant. (Supreme Court, Appellate Division, Second Department. December 30, 1908.) Action by Henry F. Meistrell and another against Sophie Weinberg. No opinion. Judgment of the Municipal Court reversed, and new trial ordered, costs to abide the event, on the ground that the plaintiffs failed to prove the performance of the contract.

MENEELY v. KINSER CONST. CO. (Supreme Court, Appellate Division, Third Department. January 22, 1909.) On motion for reargument. Motion denied. For former opinion, see 113 N. Y. Supp. 183.

SMITH, P. J. This motion seems to be made upon two grounds—the first, that the court, in its original decision, was in error in assuming that the act of the state in obstructing this stream was lawful, and therefore liability for any damage rested with the state, and not with the contractor. If this assumption be unwarranted, a reargument should be granted. We are not satisfied, however, that the assumption was not properly made. It is true that where land is appropriated by the state, or where structures or waters are appropriated, a map has to be filed and notice has to be served upon the owner of such land, structures, or waters. It is manifest, however, where it may be deemed necessary to obstruct a small stream, that it would be impossible to file a map which would indicate the riparian rights upon that stream, which would be affected by such obstruction or appropriation. Nevertheless we are of opinion that it is within the right of the state to so construct its canal, if it be deemed necessary, as to affect the riparian rights upon that stream. The liability of the state is clearly indicated, and provision for compensation made as to lands, structures, and waters appropriated. We are also of the opinion that chapter 147, p. 342, of the Laws of 1903, contemplates a liability in the state for damages such as have been here caused. In section 13 of the act an appropriation of $10,000,000 is made, to be paid by the Treasurer upon the warrant of the Comptroller "on the presentation of awards by the Court of Claims for compensation for lands appropriated as provided in section 4 of this act, or damages caused by the work of improvement hereby authorized." It will thus be seen that the Legislature contemplated that in the construction of the canal some damage would be caused which would not be covered by compensation for lands, structures, or waters appropriated. The plaintiff's counsel refers to the decision in Van Alstine v. Beldon, 41 App. Div. 123, 58 N. Y. Supp. 521, as holding a different rule. In that case in constructing the canal the contractor piled earth upon private land adjacent to the canal, which had not been appropriated in the manner provided for by the statute. The contractor was held liable for the damage, because the state had no right to use such land for any purpose until it was appropriated. The statute had made specific provision for appropriation of necessary land, which provision must be followed in order to give authority for its use. The distinction between that case and the case at bar is that such riparian rights upon this little stream as were damaged by the necessary obstruction